IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE A. JACKSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Civil No.  **09-688-JPG** |
| | ) |
| **RASHONDA POLLION, et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Maurice Jackson's motion for appointment of counsel. **(Doc. 21.)** Plaintiff is an inmate at Menard Correctional Center, housed in segregation. Plaintiff has filed suit alleging that the defendants Pollion and Ryan were deliberately indifferent to plaintiff's serious medical needs by denying him medication for hypertension. Plaintiff has submitted documentation indicating that he has been unsuccessful in recruiting counsel to represent him. Plaintiff also submits a stipulation from his criminal trial whereby the Champaign County, Illinois, State's Attorney's Office and the Public Defender agree that two psychologists tested and evaluated plaintiff in 1996 and 1997, when plaintiff was 11-12 years old, and they concluded plaintiff had borderline intellectual functioning and cognitive ability, his adaptive behavior scores fell within the mildly handicapped range, and he had an unspecified disruptive disorder. **(Doc. 21, p. 6.)**

The Court of Appeals for the Seventh Circuit recently decided *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010), clarifying the standard to be applied when deciding whether to appoint counsel for an indigent litigant.

*Santiago v. Walls* reiterated that there is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants.  *Santiago,* **599 F.3d at 760-761;** *see also Jackson v. County of McLean*, **953 F.2d 1070, 1071 (7th Cir. 1992); 28 U.S.C. § 1915(d).**  Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district.  Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period.  **SDIL-LR  83.1(i).**

The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?"  *Farmer v. Haas,* **990 F.2d 319, 322 (7th Cir. 1993)**; *Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005);** *Pruitt v. Mote*, **503 F.3d 647 (7th Cir. 2007).**  The Santiago decision put a "finer point" on the matter, explaining that the relevant inquiry is whether, in light of the totality of the circumstances, the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial.  *Santiago,* **762-764.**

Plaintiff has demonstrated that he has made reasonable attempts to retain counsel, all to no avail.  The few pleadings filed by plaintiff have articulated his claims relatively well and have been in conformance with procedural requirements.  Plaintiff has not indicated how far he went in school, or whether he had assistance in composing his pleadings.  Although plaintiff's claim is legally and factually simplistic, the Court cannot ignore the evidence presented indicating that plaintiff has only borderline intellectual functioning, which this Court perceives will likely impede the discovery process and put plaintiff at a disadvantage in litigating this case pretrial

and at trial.

      **IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel **(Doc. 21)** is **GRANTED**.

      **IT IS FURTHER ORDERED** that attorney **Michael J. Lach** of the law firm Boggs, Avellino, Lach & Boggs, LLC, 7912 Bonhomme Avenue, Suite 400, St. Louis, MO 63105, is hereby **APPOINTED** to represent plaintiff Maurice Jackson in all further proceedings in the District Court. Plaintiff should immediately prepare to turn over all discovery gathered to date to Mr. Lach, who will undoubtedly be making contact with plaintiff as soon as possible. Appointed counsel shall formally enter his appearance in this action **within 30 days** of the date of this order.

      **IT IS FURTHER ORDERED** that a telephone status conference is set before Judge Proud on **August 23, 2010, at 10:00 a.m.** to discuss the posture of the case with all counsel. Plaintiff's counsel shall be responsible for setting up the conference call. All attorneys should be joined in the conference call, and then the Court may be joined at **618-482-9106**.

      **IT IS FURTHER ORDERED** that because plaintiff is now represented by counsel, plaintiff's "Motion to Provide Information to Court Judge" and "Motion for a Injunction a Temporary Restraining Order" [sic] **(Docs. 24 and 25)**, both of which appear to reach beyond the scope of this action, are **STRICKEN** without prejudice and may be re-filed at the discretion of plaintiff's newly appointed counsel.

      **IT IS SO ORDERED.**

      **DATED: July 19, 2010**                              **s/ Clifford J. Proud**
                                                            **CLIFFORD J. PROUD**
                                                            **U. S. MAGISTRATE JUDGE**