UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE A. JACKSON,

    Plaintiff,

  v.                                          Case No. 09-cv-688-JPG-PMF

RASHONDA POLLION,

    Defendant.

**MEMORANDUM AND ORDER**

      This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 52) of Magistrate Judge Clifford J. Proud following a hearing on November 16, 2010, at which plaintiff Maurice Jackson testified. The Report recommends that the Court grant defendant Rashonda Pollion's motion for summary judgment for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) (Doc. 36). Jackson has objected to the Report (Doc. 54), and Pollion has responded to that objection (Doc. 55).

**I.    Report and Recommendation Review Standard**

      The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made and may consider the record before the magistrate judge anew. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    The Report and Objections**

      Jackson was an inmate at Menard Correctional Center ("Menard") at all relevant times. He complains that Pollion, a nurse, and James Ryan, a correctional counselor, deprived him of

his blood pressure medicine from February 15, 2009, to March 9, 2009.  This, Jackson claims, amounts to deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Pollion argues in her motion for summary judgment that Jackson failed to exhaust the administrative remedies available to him for his claim against her as required by 42 U.S.C. § 1997e(a).

The Report carefully sorts through numerous grievances filed by Jackson around the relevant time period and identifies three alleged grievances that could potentially have raised Jackson's claim against Pollion:

- a February 23, 2009, grievance that Jackson alleges was destroyed by Ryan before a response such that Jackson was unable to pursue it to the final administrative review stage;

- a March 16, 2009, grievance that Jackson sent directly to IDOC Director Roger Walker Jr.; and

- a May 28, 2009, grievance that Jackson again sent directly to Walker.

The Report concludes that none of these three grievances sufficiently raised the issue of the denial of hypertension medication by Pollion.  Implicit in this conclusion is that Jackson's testimony was incredible when he swore in an affidavit and testified at the hearing that his February 23 grievance complained specifically that Pollion had denied him blood pressure medicine.  However, there is no rationale for this credibility determination.  The Report ultimately recommends the Court grant Pollion's motion for summary judgment on the grounds that Jackson failed to exhaust his administrative remedies against her.

Jackson objects to the Report's findings that the March 16 grievance does not pertain to the denial of hypertension medication and that the March 16 and May 28 grievances do not request relief for the denial of hypertension medication.  He also argues that his affidavit and

hearing testimony regarding the content and disposition of the February 23 grievance creates a genuine issue of fact regarding whether Ryan prevented Jackson from pursuing a sufficient grievance by throwing it away.

**III.     Analysis**

The law is clear that a prisoner may not file a § 1983 suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 87-88 (2006). In order to satisfy the exhaustion requirement of 28 U.S.C. § 1997e(a), a prisoner's grievance and appeal must be filed "in the place, and at the time, the prison's administrative rules require . . . [and] . . . contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (internal citation and quotations omitted); *see Woodford*, 548 U.S. at 90, 93 (requiring "proper exhaustion," that is, compliance with administrative deadlines and other critical procedural rules so the agency can address the issues on the merits).

The Report thoroughly sets forth the stages required to exhaust administrative remedies under IDOC's system, so the Court need not reiterate them here. In addition, IDOC requires grievances to "contain factual details regarding each aspect of the offenders complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. . . . [or] as much descriptive information about the individual as possible." 20 Ill. Admin. Code § 504.810(b). The Court will review each of Jackson's three potentially relevant grievances to see if there is a genuine issue of material fact about whether the claim in this case was properly exhausted.

  A.  <u>February 23, 2009 Grievance</u>

Jackson testified in his affidavit and at the hearing that his February 23 grievance named

Pollion and complained that she withheld his blood pressure medicine from him. Jackson's testimony is unchallenged. Therefore, the Court finds that this grievance contained sufficient factual detail to satisfy IDOC grievance specificity rules.

It is clear that Jackson did not pursue his grievance to the highest level of appeal, the IDOC director. However, the unchallenged evidence shows those additional steps were unavailable to him. A prisoner plaintiff need only exhaust remedies that are "available" to him. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). A remedy is deemed to be unavailable if prison officials fail to respond, or indefinitely delay a response, to inmate grievances and thereby prevent the progress of the grievance through the administrative remedy process. *Lewis*, 300 F.3d at 833; *see Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001). Here, Jackson's unchallenged testimony establishes that Ryan neither responded to his grievance nor made any recommendation to the Menard warden about the grievance's disposition. Thus, Jackson was stuck with no decision to appeal to the next level and, effectively, no further remedies available to him.

      B.     <u>March 16, 2009 Grievance</u>

Jackson's March 16 grievance did not name or describe Pollion and did not contain sufficient facts to alert the prison to the fact that he was complaining about the deprivation of his blood pressure medicine. On the contrary, his grievance complained about his failure to be placed on stress/anti-depression medication and to be allowed to see a psychiatrist, and requested that he be assigned to a different mental health staff member. The grievance only listed his failure to receive blood pressure medicine for 21 days as one of the stressors that magnified his need for different or additional psychological or psychiatric help. Clearly this grievance was not

about Jackson's failure to receive blood pressure medicine.  Therefore, it did not satisfy IDOC's content requirements to adequately raise the issue of Pollion's alleged denial of blood pressure medicine.

Additionally, Jackson sent this grievance directly to Walker, which did not follow the appropriate sequential steps to exhaust a remedy under IDOC rules for either a regular or emergency grievance.  *See* 20 Ill. Admin. Code 504.810-504.850.

Finally, there is no suggestion Jackson's failure to pursue this grievance to the highest level was innocent.

      C.     <u>May 28, 2009 Grievance</u>

Similarly, Jackson's May 28 grievance did not name or describe Pollion and did not contain sufficient facts to alert the prison to the fact that he was complaining about the deprivation of his blood pressure medicine.  In this grievance, Jackson complained that his food was being contaminated, which was causing him to be ill.  He asserted that prison officials intimidated prison nurses into not treating him for that illness, and, as an example of the ability of prison officials to exercise that intimidation, points to the denial of blood pressure medicine for 23 days.  Clearly this grievance was about contaminated food, not the deprivation of blood pressure medicine.  Therefore, it did not satisfy IDOC's content requirements to adequately raise the issue of Pollion's alleged denial of blood pressure medicine.

Additionally, Jackson sent this grievance directly to Walker, which did not follow the appropriate sequential steps to exhaust a remedy under IDOC rules for either a regular or emergency grievance.  *See* 20 Ill. Admin. Code 504.810-504.850.  It was also sent beyond the 60-day deadline for filing grievances.  *See* 20 Ill. Admin. Code 504.810(a).

Finally, there is no suggestion Jackson's failure to pursue this grievance to the highest

level was innocent.

Because the unchallenged evidence establishes that prison officials prevented Jackson from exhausting an adequate grievance on or about February 23, 2009, the Court cannot grant summary judgment on the grounds that Jackson failed to exhaust administrative remedies. The Court will therefore deny Pollion's motion for summary judgment (Doc. 36). Furthermore, pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Court finds that the undisputed evidence shows Jackson exhausted all remedies available to him and that this case shall be allowed to proceed.

### IV.    Conclusion

For the foregoing reasons, the Court:

•  **ADOPTS in part** and **REJECTS in part** the Report (Doc. 52). The Report is **ADOPTED** except to the extent it finds Jackson did not exhaust all his available remedies with his February 23, 2009, grievance. The unchallenged evidence establishes he exhausted all available remedies with that grievance; and

•  **DENIES** Pollion's motion for summary judgment (Doc. 36).

**IT IS SO ORDERED.**
**DATED:  February 11, 2011**

>                         s/ J. Phil Gilbert
>                         **J. PHIL GILBERT**
>                         **DISTRICT JUDGE**