UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE A. JACKSON,

    Plaintiff,

v.                                          Case No. 09-cv-688-JPG-PMF

RASHONDA POLLION, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 78) of Magistrate Philip M. Frazier recommending that the Court grant the motions for summary judgment filed by defendants Rashonda Pollion (Doc. 70) and James Ryan (Doc. 74). Jackson has objected to the Report (Doc. 79).

**I.**     **Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made and may consider the record before the magistrate judge anew. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.**     **The Report**

Jackson was an inmate at Menard Correctional Center at all relevant times. He complains that Pollion, a nurse, and Ryan, a correctional counselor, deprived him of his blood pressure medicine from February 15, 2009, to March 9, 2009. Specifically, he claims Pollion refused to give him his medication and Ryan never responded to a grievance regarding the denial of his medication. This, Jackson claims, amounts to deliberate indifference to a serious medical need in

violation of the Eighth Amendment.

In the Report, Magistrate Judge Frazier found that Jackson could not prove Pollion was deliberately indifferent to his medical needs. She had written a prescription for blood pressure medicine for Jackson for the relevant period, was not responsible for actually dispensing or administering the medicine, and did not receive Jackson's sick call request slips indicating he was not getting his medication as prescribed. Thus, Magistrate Judge Frazier concluded, there was no evidence from which a reasonable jury could conclude Pollion knew about and disregarded Jackson's failure to receive the medicine she had prescribed.

As for Ryan, Magistrate Judge Frazier found that there was evidence from which a reasonable jury could conclude that Jackson suffered from an objectively serious medical condition, but that Jackson could not show Ryan was deliberately indifferent to that need. Specifically, he found that regardless of whether Ryan responded to Jackson's grievance, Jackson was able to seek medical attention from health care personnel at Menard. Ryan's failure to properly handle a grievance might have been negligent, but it was not deliberately indifferent to Jackson's need where Jackson had, at all times, alternative routes to seek medical care.

### III.     Objection and Analysis

In his objection, Jackson argues that there is a genuine issue of material fact regarding whether Pollion knew Jackson was not getting his medication. He points to his own testimony that (1) he wrote request slips to Pollion in which he complained of not getting his medicine but never got a response and (2) she had, at one time, told him some of the symptoms of high blood pressure that he recognized during the time period when he was not getting his medicine. This testimony shows, at the most, that Pollion knew Jackson suffered from high blood pressure, but she does not dispute this. In fact, she wrote him a prescription for blood pressure medicine. This evidence does not, however, support an inference that Pollion knew Jackson was not getting his medications from

February 15, 2009, to March 9, 2009.

Jackson objects to an observation in the Report that Ryan argued Jackson felt he did not need medical treatment.  This is a description of Ryan's argument, not a finding of fact necessary to Magistrate Judge Frazier's final recommendation.

Jackson also objects to Magistrate Judge Frazier's conclusion that there is no evidence of Ryan's deliberate indifference to his medical need.  He argues that if Ryan received his grievance about the lack of medication, a reasonable jury could infer he was deliberately indifferent to Jackson's medical need.  The evidence, however, does not show any reason Ryan would believe that his failure to respond to Jackson's grievance would pose a risk to Jackson's health.  Jackson had direct access to medical attention independent of anything Ryan did or did not do.  Ryan's failure to respond to Jackson's grievance where Jackson had direct access to the health care unit does not show Ryan was deliberately indifferent to a health care need.

In sum, the Court has reviewed the portions of the Report to which objections have been made and finds, for the reasons stated above, that the Report was correct.  The Court has reviewed the remainder of the Report for clear error and finds none.

**IV.    Conclusion**

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 78);

- **GRANTS** the motions for summary judgment filed by Pollion and Ryan (Docs. 70 & 74); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  June 26, 2012**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**